# IN UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **MICHAEL MCNEIL** | * | |
| **Appellant** | * | **No. 13-2276** |
| **v.** | * | |
| **STEPHEN DRAZIN** | * | |
| **Appellee** | * | |

## MOTION TO CONSOLIDATE
## ALL RELATED PENDING BANKRUPTCY APPEALS

NOW COMES the Appellant and moves pursuant to FRAP 3(b)(2) that this court consolidate the two appeals that two appeals that are not pending before this Court which are McNeil v. Drazin (13-2276) and McNeil v. Markuksi (13-2269). Additionally, the Appellant would also ask that this Court also consolidate the two pending appeals that are before the United States District Court For the District of Maryland which are McNeil v. Drazin (1:13-cv-02788) and McNeil v. Markuski Jr. (1:13-cv-02569). The Appellant gives the following reasons as to why these appeals should be consolidated:

1

1. STATEMEND CONCERNINT CONSENT:  The Appellant has contacted all the parties concerning consent of this motion.  Only the attorneys for Drazin and Markuski responded stating that they do not consent while at the same time they did not inform the Appellant that they whether or not they will be filing any kind of response.  Neither the attorneys for the United States Trustee nor the Chapter 7 Trustee responded to the Appellant's questions concerning this matter.

2. Facts concerning the two appeals McNeil v. Drazin (13-2276) and McNeil v. Markuksi (13-2269):

   a.    Both appeals originate out of the same Bankruptcy Court from the same judge in  RE: Michael A. McNeil Case No 18903

   b.    Both previous appeals were determined by the same District Court Judge with the exact same order and opinion that was filed in both cases. (ATTACHMENT A)

   c.    The District Court Judge by creating a consolidated order and opinion has in sum sense already consolidated both the aforementioned appeals while at the same time filing redundant filings in separate cases which should have been consolidated into one appeal.

2

d.    The issues brought forward in the McNeil v. Drazin appeal that was before the District Court which are now pending before this court in McNeil v. Drazin (1:13-cv-02788) were as follows:

**Issue #1**: Did the Court error when if failed to substain the Appellant's Objections to Steven Drazin Esquires Claims?

**Issue #2** Did the court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation giving it priority status?

**Issue #3** Did the court error when it determined that Stehen Drazin Esquire's Claim was a Domestic Support Order/Obligation without an Adversary Proceeding?

e.    The issues brought forward in the McNeil v. Markuski appeal that was before the District Court which are now pending before this court in McNeil v. Markuksi (13-2269) were as follows:

**Issue #1**: Did the Court error when it overruled the Appellant's Objection to  V. Peter Markuski claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski was claiming priority status as a domestic support order?

**Issue #2**: Did the Court error when it determined that V. Peter

3

Markuski claims were based off domestic support orders giving it priority status and not dischargeable without an Adversary Proceeding to make this determination?

f.    From the issues in paragraph d and f it is clear that the issues are the same in the same bankruptcy case and only differ as to who has been determined by the Bankruptcy Court to a holder of a Non Dischargeable Domestic Support Obligation debt that was determined by the Bankruptcy Court without an Adversary Proceeding whereas the creditors in question are neither the Appellant/Debtor's spouse, or former spouse, or child, or government entity.  In summing up the issues they could be easily be reworded as such:

**Issue 1:**  Did the Bankruptcy Court error when it determined the priority and interchangeability of a debt without an Adversary Proceeding for V. Peter Markuski Jr. claims and Stephen Drazin's claims.

**Issue 2:**  Did the Bankruptcy Court error when it determined that Stephen Drazin Esquire's claims and V. Peter Markuski Jr. claims are Domestic Support Order/Obligation giving them priority status?

4

**Issue 3:** Did the Court error when if failed to sustain the Appellant's Objections to Steven Drazin and V. Peter Markuski Jr claims?

3. Facts concerning the appeals that are currently pending the United States District Court For the District of Maryland which are McNeil v. Drazin (1:13-cv-02788) and McNeil v. Markuski Jr. (1:13-cv-02569):

a.    Request For Certification For McNeil v. Drazin (1:13-cv-02788) appeal to the Fourth Circuit:

      i.    On August 15, 2013 the Appellant made a timely request for certification to the Bankruptcy Court for certification of his appeal to the Fourth Circuit based on the fact that upon researching case law that he found no case Fourth Circuit controlling case law that addresses the issue that he is bringing forward in his appeal nor did the Bankruptcy Court apply any controlling Fourth Circuit law in its opinion.  (Attachment B)

      ii.    On September 4, 2013, the Bankruptcy Court denied the Appellant's request for certification to the Fourth Circuit stating the same four criteria whereas the Appellant stated in his request pursuant to 28 U.S.C. § 158(d)(2)(A)(i-iii) whereas the Appellant was relying on the first factor being that the appeal involves a question of law

5

which there is no controlling precedent. The Bankruptcy Court in its opinion failed to give any reference to any controlling precedent in its order and simply stated that it found that the appeal does not meet any of the four statutory circumstances. (Attachment C)

iii.    On September 25, 2013, the Appellant files a request for certification with the Maryland District Court which is similar to the first request it did before the Bankruptcy Court. This request has yet to be ruled upon upon the filing of this motion. (Attachment D)

b.    Request For Certification For McNeil v. Markuski Jr. (1:13-cv-02569) appeal to the Fourth Circuit:

i.    On August 15, 2013 the Appellant made a timely request for certification to the Bankruptcy Court for certification of his appeal to the Fourth Circuit based on the fact that upon researching case law that he found no case Fourth Circuit controlling case law that addresses the issue that he is bringing forward in his appeal nor did the Bankruptcy Court apply any controlling Fourth Circuit law in its opinion. (Attachment E)

ii.    On September 4, 2013, the Bankruptcy Court denied the Appellant's request for certification to the Fourth Circuit stating the

same four criteria whereas the Appellant stated in his request pursuant to 28 U.S.C.§ 158(d)(2)(A)(i-iii) whereas the Appellant was relying on the first factor being that the appeal involves a question of law which there is no controlling precedent. The Bankruptcy Court in its opinion failed to give any reference to any controlling precedent in its order and simply stated that it found that the appeal does not meet any of the four statutory circumstances. (Attachment F)

iii.    On September 23, 2013, the Appellant files a request for certification with the Maryland District Court which is similar to the first request it did before the Bankruptcy Court. This request has yet to be ruled upon upon the filing of this motion. (Attachment G)

c.    The single issue that is on appeal for both McNeil v. Drazin (1:13-cv-02788) and McNeil v. Markuski Jr. (1:13-cv-02569) is the following:

Did the trial court error when it Dismissed the Plaintiff's complaint concerning the dischargeablity, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the

7

discountability of a debt was determined even though the FRBP Rule

7001 mandates that dischargeability, priority, and extent of a lean of a

debt can only be determined via an adversary proceeding?

d.  Any ruling that this court would make concerning the current docketed

appeals concerning whether or not the dischargeability and priority can be

determined outside of an adversary proceeding it the current docketed

appeals before this court will be deterministic on the appeals whereas the

Appellant has asked for certification to this court.

4.  With all the facts, it only makes common since that all the aforementioned

appeals be consolidated into one so that there will be a consistent ruling

amongst the parties, reduction of duplications upon all parties, reduction of

duplication upon the court, and a overall reduction of costs for everyone

including the U.S. Taxpayer.

**WHEREFORE,** the Appellant prays that his court order that the McNeil v.

Drazin (13-2276), McNeil v. Markuksi (13-2269), McNeil v. Drazin (1:13-cv-

02788) and McNeil v. Markuski Jr. (1:13-cv-02569) be consolidated into one

appeal and order the  Appellant to file one brief bring forward the following

consolidated issues:

8

**Issue 1:** Did the Bankruptcy Court error when it determined the priority and dischangeability of a debt without an Adversary Proceeding for V. Peter Markuski Jr. claims and Stephen Drazin's claims.

**Issue 2:** Did the trial court error when it Dismissed the Plaintiff's Adversary Complaint concerning the dischargeablity, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the discountability of a debt was determined even though the FRBP Rule 7001 mandates that dischargeability, priority, and extent of a lean of a debt can only be determined via an adversary proceeding?

**Issue 3:** Did the Bankruptcy Court error when it determined that Stephen Drazin Esquire's claims and V. Peter Markuski Jr. claims are Domestic Support Order/Obligation giving them priority status?

**Issue 4:** Did the Court error when if failed to sustain the Appellant's

9

Objections to Steven Drazin and V. Peter Markuski Jr claims?


Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of October 2013  I mailed a copy of the of the aforementioned via First Class, United States Mail, postage fully prepaid to the following:

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

**Jeffrey W Bernstein**
Wilson Goozman Bernstein and Markuski
Cherry Lane Professional Park
9101 Cherry La Ste 207
Laurel, MD 20708

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

**Attachment A**

**(Order Affirming Bankruptcy Court's Ruling)**

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *

MICHAEL ALLEN MCNEIL,         *

     Appellant,          *

         v.            *   CIVIL NO.: WDQ-12-3819

STEPHEN A. DRAZIN,          *

     Appellee           *

*    *    *    *    *    *    *    *    *    *    *    *    *

MICHAEL ALLEN MCNEIL,         *

     Appellant,          *

         v.            *   CIVIL NO.: WDQ-12-3706

V. PETER MARKUSKI, JR.,       *

     Appellee           *

*    *    *    *    *    *    *    *    *    *    *    *    *

ORDER

For the reasons discussed in the accompanying Memorandum
Opinion, it is, this 9th day of October, 2013, ORDERED that:

1.  The Bankruptcy Court's decisions in case number 12-18903-
DER (ECF Nos. 85, 160) overruling objections to Defendants'
proofs of claim BE, and HEREBY ARE, AFFIRMED;

2.   The Clerk of the Court shall send copies of this Memorandum

Opinion and Order to the Appellant and counsel for the

Appellees.

_____
William D. Quarles, Jr.
United States District Judge

## Attachment B

## Request for Certification to the Fourth Circuit McNeil v. Drazin

## UNITED STATES BANKRUPTCY COURT
## FOR THE MARYLAND DISTRICT
## BALTIMORE DIVISION

| | | |
|---|---|---|
| IN RE:  MICHAEL A. MCNEIL | * | CASE NO. 12-18903-DER |
| Debtor | * | CHAPTER 7 |
| | * | Adv. Pro. No. 12-0783-DER |
| MICHAEL A. MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| STEPHAN A. DRAZIN | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REQUEST FOR CERTIFICATION

NOW COMES Michael A. McNeil, the Plaintiff/Appellant/Debtor pursuant to  Federal

Rules of Bankruptcy Procedure (FRBP) 8001(f), 28 USC § 158(d)(2) and request that this court

certify the appeal noted on August 13, 2013 to the 4th Circuit Court of Appeals for them to hear

the matter for the following reasons:

### FACTS

1.  On November November 14, 2012, the Plaintiff files a complaint against Defendant

Drazin asking this court to determine the extent of a lien, priority of a debt, and the

dischargeablity of a debt in accordance with Rule 7001 (Adv. Pro. No. 12-0783-

1

DER/ECF 1 ).

2. On January 14, 2013 in McNeil v. Drazin, this court did decide the extend of Defendant

Drazin's lien of the Plaintiff/Debtor's priority and voided the lien, however the court this

time did not rule on the priority and the dischargablity of Defendant Drazin's claim.(Adv.

Pro. No. 12-0783-DER/ECF 18)

3. On July 31, 2013 in McNeil v. Drazin, this court granted that Defendant his motion to

dismiss the remaining counts of the Plaintiff's complaint. (Adv. Pro. No. 12-0783-

DER/ECF 28)

4. On August 13, 2013 the Plaintiff if McNeil v. Drazin noted an appeal concerning the

aforementioned order dismissing the remaining counts of the Plaintiff's complaint. (Adv.

Pro. No. 12-0783-DER/ECF 30).

5. Simultaneously with the filing of this motion the Plaintiff is filing in McNeil v. Drazin

the following issue on appeal:

> Did the trial court error when it Dismissed counts two and three of the
>
> Plaintiff's complaint concerning the discharchabilty and priority of a debt
>
> for failure to state a claim, since it reasoned that nothing precluded
>
> application of the doctrines of res judicata or collateral estoppel at this
>
> stage in an adversary proceeding with respect to matters already litigated
>
> between these parties in the main bankruptcy where the dischargablity of a
>
> debt was determined even though the FRBP Rule 7001 mandates that
>
> discharchabilty, priority, and extent of a lean of a debt of a debt can only
>
> be determined via an adversary proceeding?

2

6. None of the case law cited in the order to dismiss the Plaintiff/Appellant's claims make any reference FRBP Rule 7001 mandates that dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

7. There is no Fourth Circuit Ruling or Supreme Court Ruling concerning the interpretation of FRBP Rule 7001 that mandates that the dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

8. Attached to this request is a copy of this court's order dismissing the Plaintiff's/Appellant's claims.

9. The aforementioned appeal has yet to be docketed in District Court.

ARGUMENT

10. It is proper for he Plaintiff/Appellant to request certification be filed in this court since 28 U.S.C. §158(d)(2)(A)(i) –(iii) state that a request shall be filed in the court in which a matter is pending and for purposes of 28 U.S.C. §158(d)(2) and this Rule 8001, a matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3).

11. 28 USC § 158(d)(2)(A) states the following:

   The appropriate court of appeals shall have jurisdiction of appeals described in the

3

first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

12. 28 USC § 158(d)(2)(B) states the following:

If the bankruptcy court, the district court, or the bankruptcy appellate panel—

(i)      on its own motion or on the request of a party, determines <u>that a circumstance</u> specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel <u>shall make the certification</u> described in subparagraph.(A)

13.      As stated in earlier there is no 4th Circuit or Supreme Court law concerning Rule 7001 requirement that a priority, extent of a lien, or dischargeablity can only be determined in an Adversary Proceeding.  Therefore, the question be posed by the Appellant here would be a case of first impression for the 4th Circuit and full fills the requirement of 28 USC § 158(d)(2)(B) that <u>a circumstance</u> specified in 28 USC § 158(d)(2)(A)(i-iii) exist.

14.      Due to the fact that a circumstance specified in 28 USC § 158(d)(A)(i-iii) exist

4

this court is required by 28 USC § 158(d)(B) to certify the Appellant's appeal to the 4th

Circuit.

**WHEREFORE,** the Plaintiff/Debtor/Appellant asks that this court certify the

Appellant's appeal to the 4th Circuit so that it may hear the matter concerning the

Appellant's question of law were there is currently no 4th Circuit or Supreme Court

controlling law.

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of August, 2013  I mailed a copy of the of
the aforementioned  via First Class, United States Mail, postage fully prepaid to the following:

**Jeffrey Wayne Bernstein**
Goozman, Bernstein, et al.
9101 Cherry Lane
Suite 207
Laurel, MD 20708

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044


_____
Michael A. McNeil "Pro Se"

Entered: July 31, 2013

Signed: July 29, 2013

**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | Case No. 12-18903-DER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ——————————— | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 12-0783-DER |
| | ) | |
| **STEPHEN A. DRAZIN,** | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————— | ) | |

## ORDER GRANTING MOTION TO DISMISS
## <u>COUNTS TWO AND THREE OF AMENDED COMPLAINT</u>

The motion of Stephen A. Drazin to dismiss this adversary proceeding came on for

hearing before this court on April 2, 2013.  At the conclusion of the hearing, the court held this

matter under advisement and requested that the parties file additional memoranda of law.  The

court has considered the motion, the opposition, the memoranda of law, and the arguments made by the parties, and is prepared to rule on the motion.

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This proceeding is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I).

The debtor, Michael A. McNeil, represents himself in this adversary proceeding and in his related main bankruptcy case pending in this court.[1]  On January 4, 2013, Michael McNeil filed an Amended Complaint against Stephen Drazin [Docket No. 14] (the "Amended Complaint").  With the consent of Stephen Drazin, the court granted judgment in favor of Michael McNeil on Count One of the Amended Complaint on January 14, 2013 [Docket No. 18]. In Count Two of the Amended Complaint, Michael McNeil seeks a determination that attorney's fees awarded to Stephen Drazin are not a "domestic support obligation" within the meaning of the definition in § 101(14A) of title 11 of the United States Code (the "Bankruptcy Code").  In Count Three, he seeks a determination that those fees are not excepted under § 523 of the Bankruptcy Code from the effect of the discharge granted to him by this court – that is, a determination that his debt to Stephen Drazin is dischargeable.

By his Motion to Dismiss Adversarial Action [Docket No. 17], Stephen Drazin seeks entry of an order dismissing Counts Two and Three of the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure) for failure to state a claim upon which relief can be granted.  Drazin argues that Counts Two and Three should be dismissed under the doctrines of

---

[1]   In re Michael Allan McNeil, Case No. 12-18903-DER.

res judicata or collateral estoppel by reason of this court's prior rulings in Michael McNeil's

main bankruptcy case. For the reasons that follow, Counts Two and Three must be dismissed.

Although his bankruptcy case has precipitated much litigation in this court, many of the

background facts and circumstances (including those relevant to this adversary proceeding and

the pending motion) are not in dispute. Michael McNeil represents himself in a divorce action

filed against him by Sarah McNeil in the Circuit Court for Howard County, Maryland (the

"Circuit Court") docketed as McNeil v. McNeil, Case No. 13-C-08-075254 (the "Divorce

Action"). Stephen Drazin is the attorney representing Sarah McNeil in the Divorce Action. The

Circuit Court appointed V. Peter Markuski, Jr. to serve as the best interests attorney for the two

minor children of Michael McNeil and Sarah McNeil. The Circuit Court entered a Judgment of

Absolute Divorce on December 27, 2010 that granted Sarah McNeil a divorce from Michael

McNeil and, among other things, ordered Michael McNeil to (i) pay alimony and child support

to Sarah McNeil, and (ii) pay Sarah McNeil's attorney's fees and a portion of the fees of Peter

Markuski as the best interest attorney for their children. By subsequent orders entered in the

Divorce Action, the Circuit Court ordered Michael McNeil to pay additional fees to both Stephen

Drazin and Peter Markuski.[2]

Michael McNeil filed a voluntary bankruptcy petition in this court on May 10, 2012

seeking relief under Chapter 13 of the Bankruptcy Code. Confirmation of his initial, amended,

and second amended Chapter 13 plans was denied for primarily the same reasons, as summarized

in this court's Order Denying Motion to Reconsider entered on November 5, 2012 [Main Case

---

[2] Michael McNeil has also filed a complaint in this court against Peter Markuski in which he seeks the same relief
as that sought against Stephen Drazin in Counts Two and Three of the Amended Complaint filed in this adversary
proceeding. See McNeil v. Markuski, Adversary Proceeding No. 12-00829. Peter Markuski filed a motion to
dismiss that compliant on substantially the same grounds as those asserted here by Stephen Drazin. That motion
also came on for hearing on April 2, 2013, and it will be ruled upon in a separate order.

~ 3 ~

Docket No. 143]. One of the crucial reasons the court denied confirmation of these plans was that Michael McNeil was not proposing to make payments sufficient to cure his pre-bankruptcy arrearages on domestic support obligations. After confirmation of his second amended plan was denied without leave to amend, Michael McNeil filed a motion to convert his case to one under Chapter 7 of the Bankruptcy Code [Main Case Docket No. 240].[3] The court entered an Order granting the debtor's motion on January 22, 2013.

Section 507(a)(1) specifies that domestic support obligations are entitled to treatment as priority claims. The term "domestic support obligation" is defined in § 101(14A) of the Bankruptcy Code to include a debt owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative that is established by a separation agreement, divorce decree, property settlement agreement or order of a court of record. This adversary proceeding stems from Michael McNeil's continuing assertion that his obligation to pay the attorney's fees awarded to Stephen Drazin by the Circuit Court is not a domestic support obligation.

On September 11, 2012, Stephen Drazin filed a proof of claim in the main bankruptcy case that was docketed as Claim No. 5-1. In paragraph 5 of his proof of claim, Stephen Drazin asserted that his claim was a domestic support obligation entitled to treatment as a priority claim under § 507(a)(1) of the Bankruptcy Code. On September 24, 2012, Michael McNeil filed an objection to Claim No. 5-1 [Main Case Docket No. 80]. After Stephen Drazin filed a response [Main Case Docket No. 125], this court held an evidentiary hearing on November 7, 2012.

---

[3] The conversion of the main bankruptcy case from one under Chapter 13 to one under Chapter 7 does not impact the issues presented here. The definition of the term "domestic support obligation" in § 101(14A) applies in a case under any Chapter of the Bankruptcy Code. Moreover, the exception to discharge under § 523(a)(5) for a domestic support obligation applies to cases under Chapter 7 and Chapter 13 of the Bankruptcy Code. See 11 U.S.C. §§ 523(a).

~ 4 ~

Although he had not expressly done so in his objection papers, at the hearing Michael McNeil argued that the claim filed by Stephen Drazin is not a domestic support obligation. For the reasons stated on the record at the hearing,[4] the court entered an Order on November 15, 2012 [Main Case Docket No. 160] that sustained in part and overruled in part the objection to Claim No. 5-1. As stated in the Order, Claim No. 5 filed by Stephen Drazen was allowed, subject to amendment with respect to certain interest,[5] as "a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1)." Michael McNeil filed a timely Notice of Appeal with respect to that Order [Main Case Docket No. 178]. His appeal remains pending before the United States District Court for the District of Maryland as of the date of this order.[6]

When ruling on a Rule 12(b)(6) motion, "the Court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff." Hemelt v. Pontier (In re Pontier), 165 B.R. 797, 798 (Bankr. D. Md. 1994); see also Harrison v. Westinghouse Savannah River Co., 176 F.3d 776,

---

[4] Although Michael McNeil has contended otherwise before this court on numerous occasions, it is a well-settled matter of bankruptcy law that attorney's fees awarded in connection with a divorce, custody, or other domestic relations matter are a domestic support obligation within the meaning of § 101(14A) of the Bankruptcy Code and are entitled to treatment as a priority claim under § 507(a)(1). In re Silansky, 897 F.2d 743, 745 (4th Cir. 1990); Beaupied v. Chang (In re Chang), 163 F.3d 1138 (9th Cir. 1998); Miller v. Gentry (In re Miller), 55 F.3d 1487 (10th Cir. 1995); In re Dvorak, 986 F.2d 940 (5th Cir. 1993). The Court of Appeals of Maryland, interpreting federal bankruptcy law, has also held that "an award of attorney fees to a spouse in a divorce, custody, or support case has the same relationship to alimony or spousal support that an award of fees to a guardian ad litem for children has to child support." Klass v. Klass, 377 Md. 13, 22 (2003). The Court went on to state that most states consider attorney fees awarded to a spouse as spousal support and that bankruptcy courts have found such fees non-dischargeable under §523 of the Bankruptcy Code. Id.

[5] In accordance with the court's ruling, Stephen Drazin filed an amended proof of claim on November 16, 2012 that was docketed as Claim No. 5-2.

[6] See McNeil v. Drazin, Civil Action No. 1:12-CV-03819-WDQ. Michael McNeil also appealed this court's order that overruled his objection to, and allowed as a domestic support obligation, Claim No. 3-3 filed by Peter Markuski. That appeal is also pending before the United States District Court for the District of Maryland. See McNeil v. Markuski, Civil Action No. 1:12-CV-03706-WDQ.

783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

"[A] complaint should not be dismissed 'merely because the court doubts that the plaintiff will

ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him

to relief, the motion to dismiss should not be granted'." Advanced Health-Care Servs., Inc. v.

Radford Cmty Hosp., 910 F.2d 139, 145 (4th Cir. 1990) (quoting Adams v. Bain, 697 F.2d 1213,

1216 (4th Cir. 1982)). However, "while a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007) (brackets in original); see also, Ashcroft v. Iqbal, 556 U.S. 662

(2009).  The pleadings must plausibly suggest that the plaintiff is entitled to relief. Bell Atl.

Corp. v. Twombly at 557.  In applying this standard, I am mindful that when a plaintiff

represents himself (as is the case here) a court should afford some leniency to the pro se litigant

regarding the form of his pleadings. McNeil v. United States, 508 U.S. 106 (1993).  Considered

under these standards, Counts Two and Three of the Amended Complaint do not state a claim on

which relief can be granted and they must be dismissed.

The premise of Michael McNeil's argument is that (i) he made a fundamental procedural

error when he chose to file an objection to Stephen Drazin's claim (which was treated as a

contested matter) rather than to file a complaint (which would have commenced an adversary

proceeding), and (ii) he is therefore now entitled to litigate again in this adversary proceeding the

adverse result obtained in his prior contested matter.  The answer to this argument is simple.

Treatment of his objection to Stephen Drazin's claim as a contested matter was not a mistake

and, even if it was a mistake, Michael McNeil is not entitled to litigate again a prior adverse ruling which is now on appeal.

This court has already determined that the attorney's fees awarded to Stephen Drazin are a domestic support obligation entitled to treatment as a priority claim. Thus, Count Two must be dismissed. This is so not merely because this court denied confirmation of Michael McNeil's various plans because they failed to provide for payment of his domestic support obligations to Stephen Drazin and others, but also because the claim was determined to be a domestic support obligation when this court overruled Michael McNeil's objection to Stephen Drazin's claim.

The doctrines of res judicata and collateral estoppel preclude Michael McNeil from litigating in this adversary proceeding for a second time matters already decided by the bankruptcy court in earlier proceedings. First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.), 81 F.3d 1310, 1314-1315 (4th Cir. 1996) (debtor was barred by res judicata from objecting to a claim after confirmation of debtor's plan); Federal Deposit Ins. Corp. v. Jones, 846 F.2d 221, 234-35 (4th Cir. 1988). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) (finding that a plan confirmation order is res judicata as to the dischargeability of student loans).

The only issue raised in this adversary proceeding that has not already been decided is whether the fees that are the basis for Stephen Drazin's claim are dischargeable. It follows as a matter of law from the court's prior determination that Stephen Drazin's fees are a domestic support obligation entitled to treatment as a priority claim that those fees are not dischargeable and are excepted under § 523(a)(5) of the Bankruptcy Code as domestic support obligations from the effect of the discharge granted to Michael McNeil.[7]

---

[7] Michael McNeil was granted a Chapter 7 discharge on May 3, 2013 [Main Case Docket No. 292].

Finally, there is no merit to Michael McNeil's contention that the motion to dismiss must be denied because these issues should have been decided in an adversary proceeding after he was afforded an opportunity to take discovery. The determination that is decisive here is the prior ruling that Stephen Drazin's claim is a domestic support obligation entitled to treatment as a priority claim. That decision was the result of litigation commenced by Michael McNeil's objection to Stephen Drazen's claim. A claim objection proceeding is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure in which the rules permitting discovery are applicable. Gentry v. Siegel, 668 F.3d 83, 92 (4th Cir. 2012). As pointed out by Stephen Drazin, the requirement that the dischargeablity of a claim be determined in an adversary proceeding is intended to provide procedural due process protections to the defendant in the adversary proceeding. Petroff v. United States (In re Petroff), 2006 Bankr. LEXIS 2338, *3 (Bankr. D. Md. 2006) (citing Hamlet v. Ocwen Fed. Bank, FSB, 286 B.R. 835, 838 (Bankr. W.D. Va. 2002)). In any event, nothing precludes application of the doctrines of res judicata or collateral estoppel at this stage in this adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy case.

For the above reasons, I conclude that Counts Two and Three of the Amended Complaint fail to state a claim upon which relief can be granted and must be dismissed.

**NOW, THEREFORE**, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

**ORDERED**, that Counts Two and Three of the Amended Complaint should be, and they hereby are, **DISMISSED.**

cc:    Plaintiff – Michael A. McNeil
       Defendant's Counsel – Cary C. Jacobson, Esq.
       Chapter 7 Trustee – Brian A. Goldman

~ 8 ~

Assistant U.S. Trustee – Mark A. Neal, Esq.

**-- END OF ORDER --**

**Attachment C**

**Order Denying Certification**

Entered: September 04, 2013
Signed: September 03, 2013

**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

In re:                                        )
                                              )
**MICHAEL A. McNEIL,**                        )        Case No. 12-18903-DER
                                              )        Chapter 7
Debtor.                                       )
_____                )
                                              )
**MICHAEL A. McNEIL,**                        )
                                              )
Plaintiff,                                    )
                                              )
v.                                            )        Adv. Pro. No. 12-0783-DER
                                              )
**STEPHEN A. DRAZIN,**                        )
                                              )
Defendant.                                    )
_____                )

## ORDER DENYING REQUEST FOR CERTIFICATION

Before the court for consideration is the Request for Certification [Docket No. 37] filed

by the plaintiff, Michael A. McNeil.  Michael McNeil represents himself as the plaintiff in this

adversary proceeding.  He filed a timely Notice of Appeal [Docket No. 30] with respect to this

court's Order Granting Motion to Dismiss Counts Two and Three of the Complaint [Docket

No. 28].  By his Request for Certification, Michael McNeil asks this court to certify his appeal

for direct appeal to the United States Court of Appeals for the Fourth Circuit pursuant to

28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  The defendant, Stephen A. Drazin, was served with, but did not respond

to, the Request for Certification.

      Bankruptcy Rule 8001(f)(3)(E) provides that a request for certification "shall be

submitted without oral argument unless the court otherwise directs."  I find that a hearing would

not aid the court in ruling on this matter.

      This court should make the requested certification pursuant to 28 U.S.C.

§ 158(d)(2)(A)(i-iii)  if the appeal presents any one of following four circumstances: (1) the

appeal involves a question of law as to which there is no controlling precedent,  (2) the appeal

involves a matter of public importance, (3) the appeal involves a question of law that requires

resolution of conflicting decisions, or (4) an immediate appeal may materially advance progress

of the case or proceeding.[1]  I have considered each of the four circumstances specified in the

statute as well as the various arguments made by Michael McNeil in support of his request for

certification of this appeal, and I find that the appeal does not meet any of the four statutory

circumstances justifying certification.  Thus, the Request for Certification must be denied.

      ACCORDINGLY, it is, by the United States Bankruptcy Court for the District of

Maryland, sitting at Baltimore,

      ORDERED, that the Request for Certification [Docket No. 37] should be, and it hereby

is, DENIED.

---

[1]  As provided in § 158(d)(2) and Bankruptcy Rule 8001(f), this court must rule on a request for certification where (as here) the request is made by less than all of the appellants and appellees acting jointly, and the appeal has not yet been docketed in the district court.

cc:    Plaintiff – Michael A. McNeil
       Defendant – Stephen A. Drazin
       Defendant's Counsel – Cary C. Jacobson, Esq.
       Chapter 7 Trustee – Brian A. Goldman
       Assistant U.S. Trustee – Mark A. Neal

**-- END OF ORDER --**

**Attachment D**

**Request For Certification Filed in The District Court**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP 25   A 11: 23

CLERK'S OFFICE

**UNITED STATES DISTRICT COURT**
**FOR THE MARYLAND DISTRICT**

MICHAEL ALLAN MCNEIL                    *

    Appellant                              *        Case No. 1:13-cv-02788-WDQ

    v.                                     *

STEPHEN A. DRAZIN                        *

    Appellee                               *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**REQUEST FOR CERTIFICATION**</u>

    NOW COMES Michael A. McNeil, the Appellant/Debtor pursuant to Federal Rules of

Bankruptcy Procedure (FRBP) 8001(f), 28 USC § 158(d)(2) and request that this court certify the

appeal noted on August 13, 2013 to the 4th Circuit Court of Appeals for them to here  the matter

for the following reasons:

**FACTS**

1.  On January 4, 2013, the Plaintiff files an amended complaint against Appellant asking

    this court to determine the extent of a lien, priority of a debt, and the dischargeablity of a

    debt in accordance with Rule 7001 (Adv. Pro. No. 12-0793-DER/ECF 14).

2.  On July 31, 2013 in McNeil v. Drazin, the trial granted the Appellant's motion to dismiss.

    (Adv. Pro. No. 12-0793-DER/ECF 28).

3.  On August 13, 2013 the Plaintiff in McNeil v. Drazin noted an appeal concerning this

1

courts order dismissing his complaint. (Adv. Pro. No. 12-0793-DER/ECF 30).

4.  The following is the single issue on appeal before this court:

*Did the trial court error when it Dismissed counts two and three of the*

*Plaintiff's complaint concerning the discharchabilty and priority of a debt*

*for failure to state a claim, since it reasoned that nothing precluded*

*application of the doctrines of res judicata or collateral estoppel at this*

*stage in an adversary proceeding with respect to matters already litigated*

*between these parties in the main bankruptcy where the dischargeablity of*

*a debt was determined even though the FRBP Rule 7001 mandates that*

*dischargeabilty, priority, and extent of a lean of a debt of a debt can only*

*be determined via an adversary proceeding?*

5.  None of the case law cited in the trial court's order to dismiss the Appellant's claims
    makes any reference  FRBP Rule 7001 mandates that dischargablity, priority or extent of
    a lean of a debt can only be determined via an adversary proceeding.

6.  There is no Fourth Circuit Ruling or Supreme Court Ruling concerning the interpretation
    of FRBP Rule 7001 that mandates that the dischargablity, priority or extent of a lean of a
    debt can only be determined via an adversary proceeding.

7.  Attached to this request is a copy of the trial court's order dismissing the Appellant's
    claims. (Exhibit A)

8.  Attached is a copy of the trial court's order denying certification. (Exhibit B)

2

## ARGUMENT

9. It is proper for he Appellant to request certification be filed in this court since 28 U.S.C. §158(d)(2)(A)(i) –(iii) state that a request shall be filed in the court in which a matter is pending and for purposes of 28 U.S.C. §158(d)(2) and this Rule 8001, a matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a) (1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3).

10. 28 USC § 158(d)(2)(A) states the following:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
>
> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> > (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> > (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

11. 28 USC § 158(d)(2)(B) states the following:

If the bankruptcy court, the district court, or the bankruptcy appellate panel—

   (i)    on its own motion or on the request of a party, determines <u>that a circumstance</u> specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel <u>shall make the certification</u> described in subparagraph.(A)

12.    As stated in earlier there is no 4th Circuit or Supreme Court law concerning Rule 7001 requirement that a priority, extent of a lien, or dischargeablity can only be determined in an Adversary Proceeding.  Therefore, the question be posed by the Appellant here would be a case of first impression for the 4th Circuit and full fills the requirement of 28 USC § 158(d)(2)(B) that <u>a circumstance</u> specified in 28 USC § 158(d)(2)(A)(i-iii) exist.

13. This same same request was before the trial court where it agreed with the Appellant as to the three determining conditions for certifications in that if any one of the four requirement that the trial court should certify the appeal in that it stated the following:

```
This court should make the requested
certification pursuant to 28 U.S.C.§ 158(d)(2)(A)
(i-iii) if the appeal presents any one of
following four circumstances: (1) the appeal
involves a question of law as to which there is
no controlling precedent, (2) the appeal involves
a matter of public importance, (3) the appeal
involves a question of law that requires
resolution of conflicting decisions, or (4) an
immediate appeal may materially advance progress
of the case or proceeding.1 I have considered
each of the four circumstances specified in the
statute as well as the various arguments made by
Michael McNeil in support of his request for
```

4

> certification of this appeal, and I find that the
> appeal does not meet any of the four statutory
> circumstances justifying certification. Thus, the
> Request for Certification must be denied. (Case
> No. 12-0783-DER/Doc #41)

14.    It should be noted here the trial court erred twice.  First it erred in using

discretionary language "This court should make requested certification".  The language in

28 USC § 158(d)(2)(B) clearly is not discretionary in that it says "then the bankruptcy

court, the district court, or the bankruptcy appellate panel shall make the certification

described in subparagraph.(A)".  Congress by using the phrase "shall make the

certification" clearly has made certifications non discretionary and the trial court's

opinion is flawed in that it used the word "should" which is discretionary.  Second, the

trial court ruling is error in that the the Appellant's clearly stated in his motions that there

is no 4th Circuit controlling case law concerning the issue on appeal the trial court

neglected to address that one and only salient point and just simply stated "I have

considered each of the four circumstances specified in the

statute as well as the various arguments made by Michael

McNeil in support of his request for certification of this

appeal, and I find that the appeal does not meet any of the

four statutory circumstances justifying certification."

At the very least, the trial court in its opinion should have addressed the matter of no

controlling 4th Circuit Law and cited case law that address what the Appellant alleges is

question that has no 4th Circuit controlling law.

5

15.      Again due to the fact that a circumstance specified in 28 USC § 158(d)(A)(i-iii)

exist this court is required by 28 USC § 158(d)(B) to certify the Appellant's appeal to the

4th Circuit.

**WHEREFORE,** the Appellant asks that this court certify the Appellant's appeal

to the 4th Circuit so that it may hear the matter concerning the Appellant's question of law

were there is currently no 4th Circuit or Supreme Court controlling law.

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25ᵗʰ day of September, 2013  I mailed a copy of the of the aforementioned  via First Class, United States Mail, postage fully prepaid to the following:

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

**Brian A.  Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

Michael A. McNeil "Pro Se"

7

## Attachment E

## Request For Certification Filed in The Bankruptcy Court

FILED

AUG 1 5 2013

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MARYLAND DISTRICT**
**BALTIMORE DIVISION**

IN RE:  MICHAEL A. MCNEIL                     *          CASE NO. 12-18903-DER

    Debtor                                          *          CHAPTER 7

                                         *          Adv. Pro. No. 12-0829-DER

MICHAEL A. MCNEIL                               *

    Plaintiff                                       *

    v.                                              *

V. PETER MARKUSKI, JR.,                          *

    Defendant                                       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR CERTIFICATION

    NOW COMES Michael A. McNeil, the Plaintiff/Appellant/Debtor pursuant to  Federal

Rules of Bankruptcy Procedure (FRBP) 8001(f), 28 USC § 158(d)(2) and request that this court

certify the appeal noted on August 13, 2013 to the 4th Circuit Court of Appeals for them to ~~here~~ *hear*

the matter for the following reasons:

## FACTS

1.  On December 6, 2012, the Plaintiff files a complaint against Defendant Markuski asking

    this court to determine the extent of a lien, priority of a debt, and the dischargeablity of a

    debt in accordance with Rule 7001 (Adv. Pro. No. 12-0829-DER/ECF 1).

1

2. On July 30, 2013 in McNeil v. Markuski, this court granted the Defendant's motion to dismiss. (Adv. Pro. No. 12-0829-DER/ECF 16).

3. On August 13, 2013 the Plaintiff in McNeil v. Makuski noted an appeal concerning this courts order dismissing his complaint. (Adv. Pro. No. 12-0829-DER/ECF 18).

4. Simultaneously with the filing of this motion the Plaintiff is filing in McNeil v. Drazin the following issue on appeal:

> Did the trial court error when it Dismissed the Plaintiff's complaint concerning the discharchabilty, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the dischargablity of a debt was determined even though the FRBP Rule 7001 mandates that discharchabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding?

5. None of the case law cited in the order to dismiss the Plaintiff/Appellant's claims make any reference  FRBP Rule 7001 mandates that dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

6. There is no Fourth Circuit Ruling or Supreme Court Ruling concerning the interpretation of FRBP Rule 7001 that mandates that the dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

7. Attached to this request is a copy of this court's order dismissing the Plaintiff's/Appellant's claims.

8. The aforementioned appeal has yet to be docketed in District Court.

## ARGUMENT

9. It is proper for he Plaintiff/Appellant to request certification be filed in this court since 28 U.S.C. §158(d)(2)(A)(i) –(iii) state that a request shall be filed in the court in which a matter is pending and for purposes of 28 U.S.C. §158(d)(2) and this Rule 8001, a matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3).

10. 28 USC § 158(d)(2)(A) states the following:

The appropriate court of appeals shall have jurisdiction of appeals described in the

3

first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

11. 28 USC § 158(d)(2)(B) states the following:

> If the bankruptcy court, the district court, or the bankruptcy appellate panel—

> (i)     on its own motion or on the request of a party, determines <u>that a circumstance</u> specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel <u>shall make the certification</u> described in subparagragh.(A)

12.     As stated in earlier there is no 4ᵗʰ Circuit or Supreme Court law concerning Rule 7001 requirement that a priority, extent of a lien, or dischargeablity can only be determined in an Adversary Proceeding.  Therefore, the question be posed by the Appellant here would be a case of first impression for the 4ᵗʰ Circuit and full fills the requirement of 28 USC § 158(d)(2)(B) that <u>a circumstance</u> specified in 28 USC § 158(d)(2)(A)(i-iii) exist.

13.     Due to the fact that a circumstance specified in 28 USC § 158(d)(A)(i-iii) exist

this court is required by 28 USC § 158(d)(B) to certify the Appellant's appeal to the 4th

Circuit.

**WHEREFORE,** the Plaintiff/Debtor/Appellant asks that this court certify the

Appellant's appeal to the 4th Circuit so that it may hear the matter concerning the

Appellant's question of law were there is currently no 4th Circuit or Supreme Court

controlling law.

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of August, 2013  I mailed a copy of the of
the aforementioned  via First Class, United States Mail, postage fully prepaid to the following:

**Jeffrey Wayne Bernstein**
Goozman, Bernstein, et al.
9101 Cherry Lane
Suite 207
Laurel, MD 20708

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044


Michael A. McNeil "Pro Se"

Entered: July 30, 2013
Signed: July 29, 2013
**SO ORDERED**

DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                                   )
                                         )
**MICHAEL A. McNEIL,**                   )        Case No. 12-18903-DER
                                         )        Chapter 7
        Debtor.                          )
                                         )
_____          )
                                         )
**MICHAEL A. McNEIL,**                   )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )        Adv. Pro. No. 12-0829-DER
                                         )
**V. PETER MARKUSKI, JR.,**              )
                                         )
        Defendant.                       )
_____          )

### ORDER GRANTING MOTION TO DISMISS

The motion of V. Peter Markuski Jr. to dismiss this adversary proceeding came on for

hearing before this court on April 2, 2013.  At the conclusion of the hearing, the court held this

matter under advisement and requested that the parties file additional memoranda of law.  The

court has considered the motion, the opposition, the memoranda of law, and the arguments made by the parties, and is prepared to rule on the motion.

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This proceeding is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I).

The debtor, Michael A. McNeil, represents himself in this adversary proceeding and in his related main bankruptcy case pending in this court.[1] On December 6, 2012, Michael McNeil filed a Complaint against Peter Markuski, which initiated this adversary proceeding, regarding the proofs of claim filed by Peter Markuski asserting priority domestic support obligation claims. In Count One of the Complaint, Michael McNeil seeks a determination regarding the validity, priority, or extent of a lien that Peter Markuski has in McNeil's property and further asks the court to fine or imprison Peter Markuski or his attorney for filing a fraudulent claim. Count Two of the Complaint seeks a determination that Peter Markuski's claims are not a "domestic support obligation" within the meaning of the definition in § 101(14A) of title 11 of the United States Code (the "Bankruptcy Code"). Lastly, Count Three of the Complaint seeks a determination that Peter Markuski's claims are not excepted under § 523 of the Bankruptcy Code from the effect of the discharge granted to him by this court because such claims are not domestic support obligations – that is, a determination that the debts to Peter Markuski are dischargeable.

By his Motion to Dismiss Plaintiff's Complaint [Docket No. 7], Peter Markuski seeks entry of an order dismissing the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure) for failure to state a claim upon which relief can be granted. Peter Markuski argues that the

---

[1] In re Michael Allan McNeil, Case No. 12-18903-DER.

~ 2 ~

Complaint should be dismissed under the doctrines of res judicata or collateral estoppel by reason of this court's prior rulings in Michael McNeil's main bankruptcy case. For the reasons that follow, the Complaint must be dismissed.

Although his bankruptcy case has precipitated much litigation in this court, many of the background facts and circumstances (including those relevant to this adversary proceeding and the pending motion) are not in dispute. Michael McNeil represents himself in a divorce action filed against him by Sarah McNeil in the Circuit Court for Howard County, Maryland (the "Circuit Court") docketed as <u>McNeil v. McNeil</u>, Case No. 13-C-08-075254 (the "Divorce Action"). The Circuit Court appointed Peter Markuski to serve as the best interests attorney for the two minor children of Michael McNeil and Sarah McNeil. Stephen Drazin is an attorney representing Sarah McNeil in the Divorce Action. The Circuit Court entered a Judgment of Absolute Divorce on December 27, 2010 that granted Sarah McNeil a divorce from Michael McNeil and, among other things, ordered Michael McNeil to (i) pay alimony and child support to Sarah McNeil, and (ii) pay Sarah McNeil's attorney's fees and a portion of the fees of Markuski as the best interest attorney for their children. By subsequent orders entered in the Divorce Action, the Circuit Court ordered Michael McNeil to pay additional fees to both Peter Markuski and Stephen Drazin.[2]

Michael McNeil filed a voluntary bankruptcy petition in this court on May 10, 2012 seeking relief under Chapter 13 of the Bankruptcy Code. Confirmation of his initial, amended,

---

[2]  Michael McNeil has also filed a complaint in this court against Stephen Drazin in which he seeks the same relief as that sought against Peter Markuski in this Adversary Proceeding. See <u>McNeil v. Drazin</u>, Adversary Proceeding No. 12-00783. Stephen Drazin consented to the relief sought in Count I and an order avoiding judicial lien was entered on January 14, 2013. Stephen Drazin then filed a motion to dismiss Counts II and III of that complaint on substantially the same grounds as those asserted here by Markuski. That motion also came on for hearing on April 2, 2013, and it will be ruled upon in a separate order.

and second amended Chapter 13 plans was denied for primarily the same reasons, as summarized

in this court's Order Denying Motion to Reconsider entered on November 5, 2012 [Main Case

Docket No. 143]. One of the crucial reasons the court denied confirmation of these plans was

that Michael McNeil was not proposing to make payments sufficient to cure his pre-bankruptcy

arrearages on domestic support obligations. After confirmation of his second amended plan was

denied without leave to amend, Michael McNeil filed a motion to convert his case to one under

Chapter 7 of the Bankruptcy Code [Main Case Docket No. 240].[3] The court entered an Order

granting the debtor's motion on January 22, 2013.

Section 507(a)(1) of the Bankruptcy Code specifies that domestic support obligations are

entitled to treatment as priority claims. The term "domestic support obligation" is defined in

§ 101(14A) of the Bankruptcy Code to include a debt owed to or recoverable by a spouse, former

spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative that is

established by a separation agreement, divorce decree, property settlement agreement or order of

a court of record. This adversary proceeding stems from Michael McNeil's continuing assertion

that his obligation to pay the attorney's fees awarded to Peter Markuski by the Circuit Court is

not a domestic support obligation.

As previously stated, Peter Markuski filed two proofs of claim asserting claims for

domestic support obligations entitled to treatment as priority claims under § 507(a)(1) of the

Bankruptcy Code. Claim Number 3-3, filed on July 16, 2012, asserts a priority claim in the

amount of $47,936.81 for judgments against Michael McNeil for non-payment of attorney's fees

---

[3] The conversion of the main bankruptcy case from one under Chapter 13 to one under Chapter 7 does not impact
the issues presented here. The definition of the term "domestic support obligation" in § 101(14A) applies in a case
under any Chapter of the Bankruptcy Code. Moreover, the exception to discharge under § 523(a)(5) for a domestic
support obligation applies to cases under Chapter 7 and Chapter 13 of the Bankruptcy Code. See 11 U.S.C.
§§ 523(a).

owed to Peter Markuski as the best interest attorney for McNeil's children. Claim Number 4-1, filed on August 16, 2012, in the amount of $18,102.53 (as amended at Claim Number 4-2, filed on June 13, 2013, in the amount of $9,964.39), asserts a priority claim for additional best interest attorney fees awarded to Peter Markuski on May 17, 2013 by the Circuit Court for fees incurred through and including May 10, 2012 – the date Michael McNeil filed his bankruptcy petition.

On July 31, 2012, Michael McNeil filed an objection to Claim No. 3-3 [Main Case Docket No. 40]. After Peter Markuski filed a response [Main Case Docket No. 46], this court held an evidentiary hearing on September 25, 2012. Although he had not expressly done so in his objection papers, at the hearing Michael McNeil argued that the claim filed by Peter Markuski is not a domestic support obligation. For the reasons stated on the record at the hearing,[4] the court entered an Order on September 27, 2012 [Main Case Docket No. 85] that overruled the objection to Claim No. 3-3. As stated in the Order, Claim No. 3 filed by Peter Markuski was allowed as "a claim for a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1)" and "a secured claim to the extent Mr. McNeil is ultimately determined to retain an ownership interest in certain real property." Michael McNeil filed a timely Notice of Appeal with respect to that Order [Main Case Docket No. 165]. His appeal remains pending before the United States District Court for the District of Maryland as of the date of this order.[5]

---

[4] Although Michael McNeil has contended otherwise before this court on numerous occasions, it is a well-settled matter of bankruptcy law that fees owed to a guardian *ad litem* for a debtor's child are considered child support and thus are a domestic support obligation within the meaning of § 101(14A) of the Bankruptcy Code and are entitled to treatment as a priority claim under § 507(a)(1). See Beaupied v. Chang (In re Chang), 163 F.3d 1138 (9th Cir. 1998); Miller v. Gentry (In re Miller), 55 F.3d 1487 (10th Cir. 1995); Kretschmer v. Levin (In re Levin), 306 B.R. 158 (Bankr. Md. 2004); Sinton v. Blaemire (In re Blaemire), 229 B.R. 665 (Bankr. Md. 1999).

[5] See McNeil v. Markuski, Civil Action No. 1:12-CV-03706-WDQ. Michael McNeil also appealed this court's order that overruled his objection to, and allowed as a domestic support obligation, Claim No. 5 filed by Stephen

~ 5 ~

Similarly, on September 4, 2012, Michael McNeil filed an objection to Claim No. 4-1 [Main Case Docket No. 61]. After Peter Markuski filed a response [Main Case Docket No. 67], this court held an evidentiary hearing on September 25, 2012 and entered an Order on September 27, 2012 [Main Case Docket No. 90] that overruled the objection to Claim No. 4-1. In the Order, Claim No. 4 filed by Peter Markuski was also allowed as "a claim for a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1)."

When ruling on a Rule 12(b)(6) motion, "the Court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff." Hemelt v. Pontier (In re Pontier), 165 B.R. 797, 798 (Bankr. D. Md. 1994); see also Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs. Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). "[A] complaint should not be dismissed merely because the court doubts that the plaintiff will ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted'." Advanced Health-Care Servs., Inc. v. Radford Cmty Hosp., 910 F.2d 139, 145 (4th Cir. 1990) (quoting Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982)). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (brackets in original); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009). The pleadings must plausibly suggest that the plaintiff is entitled to relief. Bell Atl.

---

Drazin. That appeal is also pending before the United States District Court for the District of Maryland. See McNeil v. Drazin, Civil Action No. 1:12-CV-03819-WDQ.

Corp. v. Twombly at 557. In applying this standard, the court is mindful that when a plaintiff represents himself (as is the case here) a court should afford some leniency to the pro se litigant regarding the form of his pleadings. McNeil v. United States, 508 U.S. 106 (1993). Considered under these standards, the Complaint does not state a claim on which relief can be granted and must be dismissed.

The premise of Michael McNeil's argument is that (i) he made a fundamental procedural error when he chose to file objections to Peter Markuski's claims (which was treated as a contested matter) rather than to file a complaint (which would have commenced an adversary proceeding), and (ii) he is therefore now entitled to litigate again in this adversary proceeding the adverse result obtained in his prior contested matter. The answer to this argument is simple. Treatment of his objections to Peter Markuski's claims as a contested matter was not a mistake and, even if it was a mistake, Michael McNeil is not entitled to litigate again a prior adverse ruling which is now on appeal.

This court has already determined that the amounts owed to Peter Markuski as the best interest attorney, and allowed as filed at Claim No. 3-3, are secured claim to the extent Michael McNeil is determined to have an ownership interest in the marital real property. Peter Markuski does not allege that Claim No. 4-2 is secured so there is no determination to be made with respect to that claim. Thus, Count One must be dismissed.[6] Similarly, this court has also already determined that the attorney's fees awarded to Peter Markuski as the best interest attorney in Michael McNeil's divorce case, as stated in both Claim Nos. 3 and 4, are domestic support obligations entitled to treatment as priority claims. Thus, Count Two must be dismissed. This is

---

[6] The court is aware that Michael McNeil also asserts in Count One that Peter Markuski and his attorney, Jeffrey W. Bernstein, should be sanctioned for filing false claims. Those contentions were previously considered and rejected by this court. See, Order Denying Motion for Sanctions entered January 24, 2013 [Main Case Docket No. 245].

so not merely because this court denied confirmation of Michael McNeil's various plans because they failed to provide for payment of his secured and domestic support obligations to Peter Markuski and others, but also because the claims were determined to be a domestic support obligation when this court overruled Michael McNeil's objections to Peter Markuski's claims.

The doctrines of res judicata and collateral estoppel preclude Michael McNeil from litigating in this adversary proceeding for a second time matters already decided by the bankruptcy court in earlier proceedings. First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.), 81 F.3d 1310, 1314-1315 (4th Cir. 1996) (debtor was barred by res judicata from objecting to a claim after confirmation of debtor's plan); Federal Deposit Ins. Corp. v. Jones, 846 F.2d 221, 234-35 (4th Cir. 1988). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) (finding that a plan confirmation order is res judicata as to the dischargeability of student loans).

The only issue raised in this adversary proceeding that has not already been decided is whether the fees that are the basis for Peter Markuski's claims are dischargeable. It follows as a matter of law from the court's prior determination that Peter Markuski's fees are domestic support obligations entitled to treatment as priority claims that those fees are not dischargeable, and are domestic support obligations excepted under § 523(a)(5) of the Bankruptcy Code from the effect of the discharge granted to Michael McNeil.[7] Thus, Count Three must also be dismissed.

Finally, there is no merit to Michael McNeil's contention that the motion to dismiss must be denied because these issues should have been decided in an adversary proceeding after he was afforded an opportunity to take discovery. The determination that is decisive here is the prior

---

[7] Michael McNeil was granted a Chapter 7 discharge on May 3, 2013 [Main Case Docket No. 292].

~ 8 ~

ruling that Peter Markuski's claims are domestic support obligations entitled to treatment as priority claims. That decision was the result of litigation commenced by Michael McNeil's objections to Peter Markuski's claims. A claim objection proceeding is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure in which the rules permitting discovery are applicable. <u>Gentry v. Siegel</u>, 668 F.3d 83, 92 (4th Cir. 2012). As pointed out by Peter Markuski, the requirement that the dischargeablity of a claim be determined in an adversary proceeding is intended to provide procedural due process protections to the <u>defendant</u> in the adversary proceeding. <u>Petroff v. United States (In re Petroff)</u>, 2006 Bankr. LEXIS 2338, *3 (Bankr. D. Md. 2006) (citing <u>Hamlet v. Ocwen Fed. Bank, FSB</u>, 286 B.R. 835, 838 (Bankr. W.D. Va. 2002)). In any event, nothing precludes application of the doctrines of res judicata or collateral estoppel at this stage in this adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy case.

For the above reasons, I conclude that the Complaint fails to state a claim upon which relief can be granted and must be dismissed.

**NOW, THEREFORE**, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

**ORDERED**, that the Complaint and this adversary proceeding should be, and hereby are, **DISMISSED.**

cc:    Plaintiff – Michael A. McNeil
       Defendant's Counsel – Jeffrey W. Bernstein, Esq.
       Chapter 7 Trustee – Brian A. Goldman
       Assistant U.S. Trustee – Mark A. Neal, Esq.


-- END OF ORDER --

~ 9 ~

# Attachment F

# Bankruptcy Court Denying Request for Certification

**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

In re:                                    )
                                          )
**MICHAEL A. McNEIL,**                    )        Case No. 12-18903-DER
                                          )        Chapter 7
        Debtor.                           )
                                          )
_____         )
                                          )
**MICHAEL A. McNEIL,**                    )
                                          )
        Plaintiff,                        )
                                          )
        **v.**                            )        Adv. Pro. No. 12-0829-DER
                                          )
**V. PETER MARKUSKI, JR.,**               )
                                          )
        Defendant.                        )
                                          )
_____         )

### <u>ORDER DENYING REQUEST FOR CERTIFICATION</u>

Before the court for consideration is the Request for Certification [Docket No. 25] filed

by the plaintiff, Michael A. McNeil.  Michael McNeil represents himself as the plaintiff in this

adversary proceeding.  He filed a timely Notice of Appeal [Docket No. 18] with respect to this

court's Order Granting Motion to Dismiss Adversary Proceeding [Docket No. 16].  By his

Request for Certification, Michael McNeil asks this court to certify his appeal for direct appeal to

the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The defendant, V. Peter Markuski, Jr., was served with, but did not respond to, the Request for Certification.

Bankruptcy Rule 8001(f)(3)(E) provides that a request for certification "shall be submitted without oral argument unless the court otherwise directs." I find that a hearing would not aid the court in ruling on this matter.

This court should make the requested certification pursuant to 28 U.S.C. § 158(d)(2)(A)(i-iii) if the appeal presents any one of following four circumstances: (1) the appeal involves a question of law as to which there is no controlling precedent, (2) the appeal involves a matter of public importance, (3) the appeal involves a question of law that requires resolution of conflicting decisions, or (4) an immediate appeal may materially advance progress of the case or proceeding.[1] I have considered each of the four circumstances specified in the statute as well as the various arguments made by Michael McNeil in support of his request for certification of this appeal, and I find that the appeal does not meet any of the four statutory circumstances justifying certification. Thus, the Request for Certification must be denied.

ACCORDINGLY, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that the Request for Certification [Docket No. 25] should be, and it hereby is, DENIED.

---

[1] As provided in § 158(d)(2) and Bankruptcy Rule 8001(f), this court must rule on a request for certification where (as here) the request is made by less than all of the appellants and appellees acting jointly, and the appeal has not yet been docketed in the district court.

cc:     Plaintiff – Michael A. McNeil
        Defendant – V. Peter Markuski, Jr.
        Defendant's Counsel – Jeffrey Wayne Bernstein, Esq.
        Chapter 7 Trustee – Brian A. Goldman
        Assistant U.S. Trustee – Mark A. Neal

**-- END OF ORDER --**

**Attachment G**

**Request For Certification Filed in The District Court**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP 23  A 11: 18

## UNITED STATES DISTRICT COURT
## FOR THE MARYLAND DISTRICT

MICHAEL ALLAN MCNEIL                    *

    Appellant                          *

    v.                                 *

V. PETER MARKUSKI, JR.,                 *

    Appellee                           *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REQUEST FOR CERTIFICATION

NOW COMES Michael A. McNeil, the Appellant/Debtor pursuant to Federal Rules of Bankruptcy Procedure (FRBP) 8001(f), 28 USC § 158(d)(2) and request that this court certify the appeal noted on August 13, 2013 to the 4th Circuit Court of Appeals for them to here the matter for the following reasons:

## FACTS

1. On December 6, 2012, the Plaintiff files a complaint against Defendant Markuski asking this court to determine the extent of a lien, priority of a debt, and the dischargeablity of a debt in accordance with Rule 7001 (Adv. Pro. No. 12-0829-DER/ECF 1).

2. On July 30, 2013 in McNeil v. Markuski, this court granted the Defendant's motion to dismiss. (Adv. Pro. No. 12-0829-DER/ECF 16).

3. On August 13, 2013 the Plaintiff in McNeil v. Makuski noted an appeal concerning this courts order dismissing his complaint. (Adv. Pro. No. 12-0829-DER/ECF 18).

1

4. The following is the single issue on appeal before this court:

> Did the trial court error when it Dismissed the Plaintiff's complaint concerning the discharchabilty, priority, and extent of a lean of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the dischargablity of a debt was determined even though the FRBP Rule 7001 mandates that discharchabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding?

5. None of the case law cited in the order to dismiss the Appellant's claims makes any reference FRBP Rule 7001 mandates that dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

6. There is no Fourth Circuit Ruling or Supreme Court Ruling concerning the interpretation of FRBP Rule 7001 that mandates that the dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

7. Attached to this request is a copy of the trial court's order dismissing the Appellant's claims. (Exhibit A)

8. Attached is a copy of the trial court's order denying certification. (Exhibit B)

9. The Appellant's Appeal was noted on August 13, 2013.

10. The Appellant's first request for certification was made with 60 days of the entry of the

order being appealed, whereas the trial court denied certification.  Therefore, this court

has jurisdiction to review the lower court's ruling and determine whether or not to certify

the Appellant's appeal to the 4th Circuit for a direct appeal.

ARGUMENT

11. It is proper for he Appellant to request certification be filed in this court since  28 U.S.C.

§158(d)(2)(A)(i) –(iii) state that a request shall be filed in the court in which a matter is

pending and for purposes of 28 U.S.C. §158(d)(2) and this Rule 8001, a matter is pending

in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal

taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C.

§158(a)(3).  A matter is pending in a district court or bankruptcy appellate panel after the

docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)

(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3).

12. 28 USC § 158(d)(2)(A) states the following:

> The appropriate court of appeals shall have jurisdiction of appeals described in the
> first sentence of subsection (a) if the bankruptcy court, the district court, or the
> bankruptcy appellate panel involved, acting on its own motion or on the request of
> a party to the judgment, order, or decree described in such first sentence, or all the
> appellants and appellees (if any) acting jointly, certify that—
>
>> (i) the judgment, order, or decree involves a question of law as to which
>> there is no controlling decision of the court of appeals for the circuit or of
>> the Supreme Court of the United States, or involves a matter of public
>> importance;
>> (ii) the judgment, order, or decree involves a question of law requiring
>> resolution of conflicting decisions; or
>> (iii) an immediate appeal from the judgment, order, or decree may
>> materially advance the progress of the case or proceeding in which the

appeal is taken;

13. 28 USC § 158(d)(2)(B) states the following:

> If the bankruptcy court, the district court, or the bankruptcy appellate panel—
>
>> (i)      on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph.(A)

14.      As stated in earlier there is no 4th Circuit or Supreme Court law concerning Rule

7001 requirement that a priority, extent of a lien, or dischargeablity can only be

determined in an Adversary Proceeding.  Therefore, the question be posed by the

Appellant here would be a case of first impression for the 4th Circuit and full fills the

requirement of 28 USC § 158(d)(2)(B) that a circumstance specified in 28 USC § 158(d)

(2)(A)(i-iii) exist.

15.      This same same request was before the trial court where it agreed with the

Appellant as to the three determining conditions for certifications in that if any one of the

four requirement that the trial court should certify the appeal in that it stated the

following:

> This court should make the requested certification pursuant to 28 U.S.C.§ 158(d)(2)(A)(i-iii) if the appeal presents any one of following four circumstances: (1) the appeal involves a question of law as to which there is no controlling precedent, (2) the appeal involves a matter of public importance, (3) the appeal involves a question of law that requires resolution of conflicting decisions, or (4) an immediate appeal may materially advance progress of the case or proceeding.[1] I have considered each of the four circumstances specified in the statute as well as the various arguments made by Michael McNeil in support of his request for

certification of this appeal, and I find that the appeal does not meet any of the four statutory circumstances justifying certification. Thus, the Request for Certification must be denied.Case No. 12-18903-DER/Doc #30)

16.    It should be noted here the trial court erred twice.  First it erred in using discretionary language "This court should make requested certification".  The language in 28 USC § 158(d)(2)(B) clearly is not discretionary in that it says "then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph.(A)".  Congress by using the phrase "shall make the certification" clearly has made certifications non discretionary and the trial court's opinion is flawed in that it used the word "should" which is discretionary.  Second, the trial court ruling is error in that the the Appellant's clearly stated in his motions that there is no 4th Circuit controlling case law concerning the issue on appeal the trial court neglected to address that one and only salient point and just simply stated "I have considered each of the four circumstances specified in the statute as well as the various arguments made by Michael McNeil in support of his request for certification of this appeal, and I find that the appeal does not meet any of the four statutory circumstances justifying certification."   At the very least, the trial court in its opinion should have addressed the matter of no controlling 4th Circuit Law and cited case law that address what the Appellant alleges is quesition that has no 4th Circuit controlling law.

17.    Again due to the fact that a circumstance specified in 28 USC § 158(d)(A)(i-iii) exist this court is required by 28 USC § 158(d)(B) to certify the Appellant's appeal to the 4th Circuit.

**WHEREFORE,** the Appellant asks that this court certify the Appellant's appeal to the 4th Circuit so that it may hear the matter concerning the Appellant's question of law were there is currently no 4th Circuit or Supreme Court controlling law.

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23th day of September, 2013  I mailed a copy of the of the aforementioned  via First Class, United States Mail, postage fully prepaid to the following:

**Jeffrey Wayne Bernstein**
Wilson, Goozman, Bernstein, and Markuski
9101 Cherry Lane
Suite 207
Laurel, MD 20708

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

**Brian A.  Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

Michael A. McNeil "Pro Se"