SN

RECEIVED
2013 DEC -2 AM 11:53
U.S. COURT OF APPEALS
FOURTH CIRCUIT

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| **Michael A. McNeil** | * | |
| **Appellant** | * | **No. 13-2269** |
| | | **(1:12-cv-03706-WDQ)** |
| **v.** | * | **(12-18903)** |
| **V. Peter Markuski, Jr.** | * | |
| **Appellee** | * | |

* * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **Michael A. McNeil** | * | |
| **Appellant** | * | **No. 13-2276** |
| | | **(1:12-cv-03819-WDQ)** |
| **v.** | * | **(12-18903)** |
| **Stephan A. Drazin** | * | |
| **Appellee** | * | |

* * * * * * * * * * * * * * * * * * * * * *

# INFORMAL REPLY BRIEF OF THE APPELLANT

**Michael A. McNeil**
**7014 Gentle Shade Road**
**Apartment 402**
**Columbia, MD 21046**
**(410) 505-8617**
**mamcneil@gmail.com**

**A. Statement of The Case and Statement of Facts**

Concerning Mr. Markuski's in his recitation of the Statement of Facts draws this court into issues that are not properly before this court in that he would have this court judge whether or not if the litigation in state court was or was not justified and it seems that his desire is to ask this court opinion concerning purely domestic matters. Whereas, the Appellant's statement of case and fact properly limits the appeal to the facts that this court is to be concern with in order to apply federal law. Therefore, the Appellant would ask that his court adopt the Appellant's statement of the case and statement of facts into the opinion that it renders.

**B. Arguments**

***Issue #1:*** *Did the Court err when it overruled the Appellant's Objection to V. Peter Markuski and Stephen Drazan claims, whereas the Appellant was Objecting to the fact that V. Peter Markuski and Stephan Drazin were claiming priority status as a domestic support obligations?*

Here, the Appellant and the Appellee agree that Pre-BAPCPA law is clear that the aforementioned domestic support obligations were indeed consider priority and where non dischargeable in bankruptcy. However, as pointed clearly out in the Appellant's brief Congress with BAPCPA change the law and gave the courts a four prong test given in

Section 101(14A) of the code, and thus Mr. Markuski would have this Court determine that when Section 101(14A) was added to the code by Congress that this new definition did not limit what could be consider a Domestic Support Obligation as defined by Congress which definition is to be applied by the courts, but instead the court via previous case law could ignore an act of Congress to set public policy and instead continue to use a judicial definition that predates BAPCPCA.

Additionally, Markuski can only support his legal theory that Congress did not mean to limit the definition of what a Domestic Support Obligation is with any post-BAPCPA with opinions of courts below various federal circuit court.

Finally, it should be noted that matter of Domestic Support Obligation and its dischargeability is an exception to how debts are to be handled. And since it is an exception it should be narrowly construed, in that in Bankruptcy the idea is to give the debtor a fresh start. Therefore, unless there is a specific detailed exception to whether or not a debt is to not be discharged, that debt must be discharged, and the exception are determined by Congress. Here in

this situation, it is clear that neither Markuski's nor Drazan debts fall within Congress's definition of what a Domestic Support Obligation is, therefore it can not fall within the exception to discharge nor can it be given priority over that of other claims.

***Issue #2:*** *Did the Bankruptcy Court err when it determined the priority and dischargeability of a debt without an Adversary Proceeding for V. Peter Markuski Jr. claims and Stephen Drazin's claims?*

Here neither Appellee chose to address issue.

***Issue #3:*** *Did the District Court err when it affirmed the Bankruptcy Court's decisions?*

Here neither Appellee chose to address issue.

**C  Conclusion**

Mr. Markuski brief does not deal with the simple fact that Congress changed the law in 2005 and gave the Courts a more perfected definition of what a Domestic Support Obligation is, and thus setting public policy that only those creditors whose debt is a Domestic Support Obligation in accordance Section 101(14A) can be treated as a Domestic Support Obligation whereas these debts are not dischargeable and they are to be given top priority in bankruptcy.  Meaning in

short, public policy is that Congress wants to insure that a debtors family direct needs for food, shelter, and necessities of life are taken care of first before all other debts so as not to inhibit their current needs. Attorney fee's owed to a third party and not owed by neither a debtors spouse, children, or government entity simply do not fall within Congress's definition of what a Domestic Support Obligation is. In any event, if this court is to rule that Markuski's or Drazin's claims are Domestic Support Obligations this will cause the following to things to occur.

1. Drazin and Markuski claims will be on equal footing with that of Domestic Support Obligation claim for alimony which are in the arrears, whereas that claim will have to share a pro rata share of the bankruptcy estate the same as that of the two aforementioned attorney's fees claims.

2. In the likelihood that not all Domestic Support Obligation would be paid off with the proceeds of the bankruptcy estate, the two unpaid in full claims of Drazin and Markuski will continue and will be in direct competition with any unpaid claim for alimony and future ongoing claims for support.

Given the aforementioned likely results, if this Court should decided that these aforementioned attorney's fees are Domestic Support Obligations and

therefore not dischargeable in bankruptcy, the result would be perverse in whereas the clear intent of Congress with it placing Section 101(14A) into law is to ensure that the necessities of life for a debtor's family is given priority in bankruptcy overall debts, such a ruling would put those who are not part of a debtor's family on a equal footing of that of a debtors family which is simply to act contrary to what Congress intent was when it modified the bankruptcy code.

Dated: November 28, 2013

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 28, 2013, I served a copy of the Opening Informal Brief of the Appellant to the following via pre-paid First Class U.S. Mail:

**Mr. Jeffrey Wayne Bernstein**
WILSON, GOOZMAN, BERNSTEIN & MARKUSKI
9101 Cherry Lane
Suite 207
Laurel, MD 20708-0000
(Attorney for the Appellee Markuski)

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
(Attorney for the Appellee Drazin)

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093
(Chapter 7 Trustee)

**Nancy Spencer Grigsby**
4201 Mitchellville Rd. Ste 401
Bowie, MD 20716
(Chapter 13 Trustee)

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

UNITED STATES POSTAL SERVICE

1007

U.S. POSTAGE
PAID
COLUMBIA,MD
21045
NOV 29,'13
AMOUNT

$14.10
00029374-12

Please Recycle

...D INTERNATIONAL USE

EXPRESS MAIL
UNITED STATES POSTAL SERVICE®

Addressee Copy
Label 11-B, March 2004

Post Office To Addressee

| DELIVERY (POSTAL USE ONLY) | | | |
|---|---|---|---|
| Delivery Attempt Mo. 11 Day 30 | Time 9:33 | ☒ AM ☐ PM | Employee Signature [illegible] |
| Delivery Attempt Mo. Day | Time | ☐ AM ☐ PM | Employee Signature |
| Delivery Date Mo. Day | Time | ☐ AM ☐ PM | Employee Signature |

CUSTOMER USE ONLY

☒ WAIVER OF SIGNATURE (Domestic Mail Only) Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

Mailer Signature [illegible]

NO DELIVERY ☐ Weekend ☐ Holiday

TO: (PLEASE PRINT) PHONE ( )

Clerk
US Court of Appeals, 4th Cir
1100 East Main Street
Suite 501
Richmond VA 23219

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

2 3 2 1 9 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

EST

O/DPO, and select International
n for complete details.

nly.

U.S. MARSHALS
DEC 0 2 2013
INSPECTED

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13C © U.S. Postal Service; July 2013; All rights reserved.

DuPont™ Tyvek® Protect What's Inside.™

UNITED STATES POSTAL SERVICE.

PRESS FIRMLY TO SEAL

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EMS

FOR DOMES

EI749311532US

PRESS HARD. YOU ARE MAKING 3 COPIES.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery ☐ Next ☒ 2nd ☐ 2nd Del. Day | Postage $ |
|---|---|---|
| Date Accepted Mo. Day Year | Scheduled Date of Delivery Month Day | Return R $ |
| Time Accepted ☐ AM ☐ PM | Scheduled Time of Delivery ☒ Noon ☐ 3 PM | COD Fee $ |
| Flat Rate ☐ or Weight lbs. ozs. | Military ☐ 2nd Day ☐ 3rd Day | Total Pos $ |
| | Int'l Alpha Country Code | Acceptan |

**FROM:** (PLEASE PRINT) PHONE ( )

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call **1-800-222-1811**

* Money Back Guarantee to U.S., selec destinations. See DMM and IMM at p

+ Money Back Guarantee for U.S. desti

TYVEK® IS RECYCLABLE. HDPE ©2003. DUPONT™ AND TYVEK® ARE TRADEMARKS OF DUPONT.

PRESS FIRMLY TO SEAL

VISIT